IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMEEL R. COLES,

        Plaintiff,                  No. 2:10-cv-1996 KJN P

     vs.

MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,                  ORDER and

        Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

I. INTRODUCTION

        Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1 et seq.; and various provisions of the California Penal Code. Presently pending is defendant's motion to dismiss plaintiff's complaint, on the ground that plaintiff failed to exhaust his administrative remedies. Plaintiff filed an opposition to defendant's motion, and defendant filed a reply. For the following reasons, the court recommends that defendant's motion to dismiss be granted.

        One preliminary matter must be addressed. In addition to filing an opposition, plaintiff filed a motion requesting that this court direct defendant to file an answer to the

complaint. Plaintiff's motion misapprehends the Federal Rules of Civil Procedure. Defendant was directed to file a reply to the complaint pursuant to the applicable provisions of Rule 12, Federal Rules of Civil Procedure, which authorizes the filing of an answer or a dispositive motion. A motion to dismiss is a proper response to the complaint; an answer would be required only if the motion to dismiss was denied. Accordingly, plaintiff's motion is denied.

Pursuant to his complaint filed July 27, 2010, plaintiff alleges the denial of his right to freely exercise his religion in specified ways. Plaintiff does not seek damages, but declaratory and injunctive relief authorizing: (1) plaintiff's conversion to Judaism through the Mikvah ritual (including ritual submersion in water); (2) plaintiff's participation in the Kiddush ritual every Friday night and Saturday morning (requiring wine or grape juice); (3) plaintiff's ability to "buy and sell in good faith" as prescribed by the Talmud; and (4) plaintiff's marriage and consummation of the marriage through participation in the Family Visit Program.[1] Plaintiff alleged in his complaint that he had exhausted all administrative remedies. Defendant moves to dismiss the complaint on the ground that none of plaintiff's claims were administratively exhausted.

II. LEGAL STANDARDS

The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Pursuant to this rule, prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even though the latter is unavailable pursuant to the administrative grievance process. Booth v. Churner, 532 U.S. 731, 741 (2001). Such exhaustion requires that the prisoner complete the administrative review process in accordance with all

---

[1] Plaintiff states that he is an inmate sentenced to life without the possibility of parole, and hence currently ineligible to participate in this program.

2

applicable procedural rules.  Woodford v. Ngo, 548 U.S. 81 (2006).  The exhaustion requirement is not jurisdictional but an affirmative defense that may be raised by a defendant in a non-enumerated Rule 12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003).  Defendants bear the burden of raising and proving the absence of exhaustion, and their failure to do so waives the defense.  Id. at 1119.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Wyatt, 315 F.3d at 1119.  "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust – a procedure closely analogous to summary judgment – then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."  Id. at 1120, n.14.  However, when the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Id. at 1120; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed on exhausted claims).  Thus, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad."  Jones, 549 U.S. at 221.

III.  DISCUSSION

Defendant contends that plaintiff fully exhausted only two administrative grievances (Log No. HDSP-01-01559, and Log No. SAC-09-01715), and that neither grievance addressed plaintiff's instant claims for religious accommodation.  Plaintiff does not refute this conclusion, and the court's review of these grievances supports defendant's construction.  (See Dkt. No. 18 at 35-49 (Dft. Exh. D at 8-22), Log No. SAC-09-01715 (wherein plaintiff claimed that prison officials mishandled his property)); and Dkt. No. 18 at 70-78 (Dft. Exh. D at 43-51), Log No. HDSP-01-01559 (wherein plaintiff challenged a prison disciplinary finding)).)

Defendant further contends that plaintiff has filed only two grievances challenging the denial of his requests for religious accommodation (Log No. SAC 09-01349, and Log No. 10-

00322), and that neither grievance was administratively exhausted.  Plaintiff does not refute defendant's position regarding the most recent of these grievances, which is supported by the court's review.  (See Dkt. No. 18 at 50-56 (Dft. Exh. D at 23-29), Log No. SAC 10-00322 (wherein plaintiff "request[ed] that a Mikva be built on institution grounds," not pursued after it was denied at the Second Level Review).)

However, plaintiff contends that the remaining grievance (Log No. SAC 09-01349) was fully exhausted because it was partially granted at the Second Level Review, and plaintiff was satisfied with the result.  (See Dkt. No. 18 at 31-4 (Dft. Exh. D at 28-31).)  Plaintiff asserts, based on the holding in Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010), that the exhaustion requirement was satisfied by plaintiff's sense of "satisfaction" with the relief granted pursuant to his Second Level Review.

In the subject grievance (Log No. SAC 09-01349), plaintiff initially requested that he be permitted to convert to Judaism in a traditional ceremony, which would require the provision of necessary "equipment and Rabbis."  Plaintiff described his grievance as follows (Dkt. No. 18 at 31):

> Petitioner is a member of the Jewish Faith and has been denied the right to exercise his religion.  The Warden has failed to provide the necessary equipment and Rabbis needed by Petitioner to exercise his religion.  Petitioner desires to complete his conversion according to Judaic Law which requires two rituals, one of which Petitioner has completed, the second which Petitioner is not being allowed to complete due to the above stated actions of the Warden.  The second ritual is the act of submersion which requires a body of water and Rabbis to perform the ritual.

At the First Level Review, plaintiff was interviewed by Rabbi Book, who duly noted plaintiff's request that "the institution must provide him additional equipment and clergy (i.e. Rabbis) to complete his conversion to Judaism."  (Id.)  However, plaintiff's request was denied, on the ground that "[t]he standards of Jewish law and community standards DO NOT permit conversion while in prison.  Studies may continue to allow the development of greater fluency and worship skills.  Petitions have been submitted to the Board of Rabbis in this matter

4

with no formal reply." (Id. at 33 (original emphasis).)

In seeking Second Level Review, plaintiff stated (id. at 32):

> How is Petitioner to be assured that he will be allowed to exercise his Religious rights, full practice of Judaism, if he is not allowed to complete conversion. How can he be assured that the Prison Administration will not use the fact that Petitioner has not completed conversion to deny Petitioner a particular exercise of his religion, so that he may follow Judaic law and tradition!

At the Second Level Review, plaintiff was interviewed by Rabbi Kourik, who, along with Community Partnership Manager M. Elia, characterized plaintiff's request as follows (id. at 34):

> Petitioner wishes to convert to Judaism. Petitioner also wishes to be assured that he will be allowed to exercise his religious rights even if he cannot complete conversion to Judaism. He does not want the Prison Administration to use the fact that he has not completed conversion to deny his pursuit of Judaic law and tradition.

The Second Level response reiterated, under Jewish law and community standards, that an inmate may not convert to Judaism while in prison. However, it was noted that "[a]ll inmates are free to pursue their religious beliefs. As long as the appellant continues to adhere to program rules we encourage him to pursue his faith in Judaism in study as well as practice." (Id.) As a result, plaintiff's grievance was "partially granted" at the Second Level, with a final note that, "[a]lthough conversion is not possible, you may continue to study and worship Judaism without fear of denial of your religious rights." (Id.)

Plaintiff contends that he was "satisfied" by this response, and thus had no reason to further pursue the grievance. Plaintiff asserts, based on the dictionary definition of "worship," that the partial relief he obtained enables plaintiff "to express his religious beliefs through ceremonies, prayers, and other religious forms (i.e. buy and sell in good faith, ritual of kiddush by consuming three ounces of wine or grape juice, marry and perform conjugal duties to his wife as required by Judaic law)." (Dkt. No. 20 at 1.)

5

In Harvey, the Ninth Circuit reversed the district court's dismissal of plaintiff's due process claim, finding that the claim had been exhausted by a Second Level Review decision that granted plaintiff's request for a hearing and access to a videotape, pursuant to plaintiff's challenge of a disciplinary charge premised on his alleged refusal to comply with a cell search. The decision denied plaintiff's alternative request that the charge be dismissed, and thus was designated a "partial grant" of plaintiff's grievance. Five months after the Second Level decision, plaintiff used an appeal form to complain that he had not yet received the granted relief. Prison officials construed the form as an appeal of their prior decision, and rejected it as untimely. Thereafter, the district court dismissed plaintiff's due process claim for failure to exhaust administrative remedies. The Ninth Circuit Court of Appeals reversed, holding that plaintiff had "exhausted the administrative process when the prison officials purported to grant relief that resolved his due process grievance to his satisfaction." Harvey v. Jordan, 605 F.3d at 686. The Court of Appeals reasoned (id. at 685):

> An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies. Nor is it the prisoner's responsibility to ensure that prison officials actually provide the relief that they have promised. See Abney v. McGinnis, 380 F.3d 663, 669 (2d Cir. 2004) ("A prisoner who has not received promised relief is not required to file a new grievance where doing so may result in a never-ending cycle of exhaustion.").
>
> That [plaintiff] initially requested alternative forms of relief does not change our analysis. Once the prison officials purported to grant relief with which he was satisfied, his exhaustion obligation ended. His complaint had been resolved, or so he was led to believe, and he was not required to appeal the favorable decision. Were we to reach the contrary conclusion, any prisoner who expressed his willingness to accept more than one form of relief -- demonstrating a flexibility that increases the likelihood of an outcome satisfactory to both the prisoner and the prison officials -- would have no recourse when prison officials purported to grant one of those alternative forms of relief, but then failed to implement their decision.

Accord, Brown v. Valoff, 422 F.3d 926, 937–40 (9th Cir.2005) ("[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his

administrative remedies"), citing Booth v. Churner, supra, 532 U.S. at 736 n.4.  Under Brown, a defendant bears the burden of raising and proving the absence of exhaustion, by demonstrating that "pertinent relief remained available, whether at the unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." 422 F.3d at 937.

Defendant contends that plaintiff did not obtain the relief he initially sought in the subject administrative grievance, i.e., conversion.  Defendant asserts that, "[i]f the Court were to extend Harvey to this case, it would permit an inmate to state his grievance in the vaguest possible terms, and after abandoning the appeal, claim he was satisfied with the response.  This would deprive prisons of the ability to investigate and prepare a record of the inmate's true complaint, and would preclude the litigants from resolving the issue without resorting to litigation."  (Dkt. No. 23 at 4.)

Defendant's position is well taken.  Plaintiff clearly sought, pursuant to the subject grievance, conversion to Judaism, together with the necessary "equipment and Rabbis." At the Second Level Review, after twice being informed that the Jewish faith did not authorize conversion for prisoners, plaintiff's grievance was recast, either by him or staff, as a request simply to worship in the Jewish faith.  "Granting" this modified request accorded no significant substantive relief; rather, it recognized plaintiff's pre-existing right to freely exercise his chosen faith, under RLUIPA and the First Amendment, subject to reasonable regulation by prison authorities.  See Turner v. Safley, 482 U.S. 78, 89 (1987); Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008); Ward v. Walsh, 1 F.3d 873, 876-77 (9th Cir. 1993).  Thus, plaintiff was essentially in the same position when the grievance was partially granted at the Second Level as when he initially filed his grievance.  The court finds, therefore, that the "partial grant" of the subject grievance at the Second Level Review accorded no significant substantive relief.

More importantly, plaintiff's grievance was clearly denied at the Second Level with respect to his request for a traditional conversion ceremony.  Despite the rabbinical

determination that plaintiff, as a prisoner, was ineligible for conversion, there remained a third level of administrative review that plaintiff was required to pursue before commencing a civil action. Thus, as presented in the complaint, this claim for injunctive relief must be dismissed for failure to exhaust administrative remedies.

Plaintiff's remaining claims must also be dismissed because not administratively exhausted. None of plaintiff's three remaining claims for injunctive relief – authorization to (1) participate in the Kiddush ritual; (2) "buy and sell;" and (3) marry, and consummate the marriage – were expressly exhausted. Nor can exhaustion be inferred based on plaintiff's construction of the Second Level decision, viz., that plaintiff can now fully "worship" in the Jewish faith, which allegedly includes his ability "to express his religious beliefs through ceremonies, prayers, and other religious forms (i.e. buy and sell in good faith, ritual of kiddush by consuming three ounces of wine or grape juice, marry and perform conjugal duties to his wife as required by Judaic law)." (Dkt. No. 20 at 1.) Despite plaintiff's "satisfaction" with this decision, as he construes it, the decision granted no concrete relief. Absent the granting of discrete substantive relief, plaintiff's satisfaction is irrelevant, and Harvey v. Jordan, supra, 605 F.3d at 685, does not apply.

The court finds that defendant has met his burden of establishing that none of plaintiff's claims were administratively exhausted. Defendant's motion to dismiss is therefore granted.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Dkt. No. 19), is denied; and

2. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (Dkt. No. 18) be granted; and

2. This action be dismissed without prejudice.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cole1996.mtd.etc